UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>ALACRITY SOLUTIONS GROUP, LLC,<br><br>    Defendant. | No. 2:25-cv-00774-CKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 8) |

  This matter is before the Court on defendant Alacrity Solutions Group's motion to dismiss plaintiff Pinnacle Bank's complaint for failure to state a claim. (ECF No. 8.) On June 16, 2025, this matter was taken under submission and submitted on the papers. (ECF No. 20.) The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. (ECF Nos. 7, 14, 15.) For the reasons set forth below, the Court will grant defendant's motion to dismiss but grant plaintiff one opportunity to amend.

**I. Procedural Background**

  Plaintiff initiated this action by filing a complaint on March 7, 2025. (ECF No. 1.) On April 2, 2025, the Court granted defendant's motion for an extension of time to file an answer. (See ECF Nos. 5, 6.) Defendant filed a motion to dismiss the complaint on May 2, 2025. (ECF No. 8.) On May 23, 2025, the Court granted the parties' request for an extension of time to

respond to the motion to dismiss. (See ECF Nos. 10, 17.) The motion is fully briefed. (ECF Nos. 18, 19.)

## II.     Allegations in the Complaint

Plaintiff and third-party Zebra Cleaning Services, Inc. ("Zebra") entered into a Loan and Security Agreement ("Loan Agreement"), where plaintiff made revolving loans to Zebra pursuant to the Loan Agreement. (ECF No. 1 ¶¶ 9, 10.) Plaintiff alleges it made these revolving loans on or about February 8, 2023. (Id.) Zebra granted plaintiff a security interest in "substantially all of its assets" (collateral) to secure obligations due under the Loan Agreement. (Id. ¶ 11.) This collateral includes accounts receivable. (Id. ¶ 12.) Plaintiff alleges it perfected its security interest by filing a UCC-1 financing statement with the California Secretary of State. (Id.; see id. at 47.)

Plaintiff alleges that defendant owes plaintiff unpaid amounts that are due to "accounts receivable belonging to" Zebra. (Id. ¶ 13.) These accounts are "evidenced by, among other things, invoices issued throughout 2024 (and possibly 2023) by [Zebra] for services and/or product provided to [d]efendant." (Id.)

Under the Loan Agreement, Zebra assigned the accounts to plaintiff and authorized plaintiff to collect them and notify defendant to remit payments directly to plaintiff. (Id. ¶ 14.) On July 31, 2024, plaintiff notified defendant that the accounts were assigned to plaintiff pursuant to California Commercial Code section 9607(a)(1), and instructed defendant to make payments to plaintiff directly. (Id.) Plaintiff alleges that pursuant the Loan Agreement documents and section 9607, it is entitled to enforce and recover the obligations defendant owes Zebra under the invoices. (Id. ¶15.) Plaintiff alleges that defendant owes $805,752.92 plus additional recoverable amounts. (Id.) Plaintiff issued a demand letter to defendant for payment, and defendant has not complied. (Id. ¶ 16.) Plaintiff states that defendant claims it has rights to setoff or credit against the amount owed. (Id.)

Plaintiff brings the following claims against defendant: "breach of written agreements (invoices) enforceable by secured creditor"; "open book account"; "account stated"; and "fair

///

///

valuation."[1] (Id. at 4-5.)

## III.   Legal Standards

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## IV.   Discussion

### A.   Breach of Contract

Plaintiff brings a claim for "breach of written agreements" against defendant. (ECF No. 1 ¶¶ 17-20.) Plaintiff alleges that the invoices and the notification sent to defendant constitute valid and binding agreements between the parties, obligating defendant to make payments to plaintiff. Defendant moves to dismiss the claim, arguing that plaintiff has not adequately alleged the existence of a contract because it did not attach the invoices to the complaint, has not provided the terms of the contract verbatim, or pled the legal effect of the contract. (ECF No. 8-1 at 3-4.) Plaintiff opposed the motion arguing that it alleged the existence of the contract by reference to

---

[1] Plaintiff states that certain of the claims are brought against "all defendants" and/or "Does 1-20." (See ECF No. 1 at 4-5.) However, plaintiff only names one defendant in the complaint.

the invoices. (ECF No. 18 at 5.) Further, plaintiff for the first time in its opposition explains that defendant and Zebra are parties to a separate agreement, the Alacrity Network Membership Agreement ("Member Agreement"), under which Zebra performed remediation and contractor services to members of defendant's network. (Id. at 3.) Plaintiff attached this agreement to its opposition. (Id. at 11-38.) The Member Agreement specified terms regarding payment to Zebra for its services. (Id.) Zebra would issue invoices and defendant paid for the work pursuant to the Member Agreement. (Id. at 4.) Plaintiff argues that defendant owes plaintiff certain unpaid amounts (that Zebra assigned to plaintiff) under the Member Agreement. (Id.) According to plaintiff, Zebra "issued a substantial number of invoices as it performed numerous projects, ranging from small-scale to large-scale projects." (Id.)

### 1. Legal Standards

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). The essential elements for a contract are: (1) parties capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or consideration. U.S. ex rel. Oliver v. Parsons Co., 195 F.3d 457, 462 (9th Cir. 1999) (citing Cal. Civ. Code § 1550). "Contract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense.'" Bustamante v. Intuit, Inc., 141 Cal.App.4th 199, 208 (2006) (quoting Cal. Civ. Code §§ 1580, 1550, 1565). Mutual assent is typically demonstrated by an offer and acceptance communicated to the offeror. Donovan v. RRL Corp., 26 Cal.4th 261, 270-71 (2001). "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. Accordingly, the primary focus in determining the existence of mutual consent is upon the acts of the parties involved." Meyer v. Benko, 55 Cal.App.3d 937, 942-43 (1976) (citation omitted).

### 2. Analysis

Plaintiff has failed to state a claim for breach of contract against defendant. Plaintiff has

not sufficiently alleged that a valid contract exists between the parties. Plaintiff alleges that the unpaid amount owed by defendant is "evidenced by, among other things, invoices issued throughout 2024 (and possibly 2023) by [Zebra] for services and/or product delivered to [d]efendant." (ECF No. 1 ¶ 13.) Plaintiff states in a conclusory manner that the "[i]nvoices giving rise to the Accounts constitute valid and binding agreements." (Id. ¶ 18.) However, plaintiff has not provided the invoices, set forth the terms of the invoices in the complaint, or sufficiently pled the contract according to its legal effect. See Securimetrics, Inc. v. Hardford Cas. Ins. Co., 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005) (stating that Federal Rule of Civil Procedure 8 provides that to allege the existence of a contract, a plaintiff may set forth the contract verbatim, attach it as an exhibit, or plead it according to its legal effect). Plaintiff has not alleged sufficient facts to enable defendant to understand and respond to its claims. See id. (stating that a plaintiff pleaded the "legal effect" of a contract by alleging sufficient facts to enable the defendant to understand and respond to its claims). Plaintiff does not provide a definite timeframe that the invoices were issued, the number of invoices issued, the amount associated with each invoice, or what services were provided or products were delivered. This is insufficient to state a claim for breach of contract. Defendant's motion to dismiss is granted on this ground.

For the first time in plaintiff's opposition, plaintiff discusses the existence of a Member Agreement between defendant and Zebra. According to plaintiff, "[d]efendant is a party to the Member Agreement which gives rise to its liability for the unpaid [i]nvoices." (ECF No. 18 at 5.) Plaintiff states that it can amend the complaint to include further allegations regarding the invoices and Member Agreement.[2] (Id. at 6.) "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a

---

[2]  The Court has reviewed the Member Agreement attached to plaintiff's opposition. While the Court is not considering the Agreement in deciding this motion, the Court notes that the Member Agreement contains a provision titled "Governing Law and Dispute Resolution" that states the Agreement is governed by the laws of the State of Oregon and a lawsuit will be brought in the State of Oregon, the City of Eugene, or in the United States District Court of the District of Oregon. (ECF No. 18 at 20, ¶ 21.) If plaintiff chooses to file an amended complaint, it should be prepared to address why this lawsuit is properly brought in this District and why California law should be applied.

memorandum in opposition to a defendant's motion to dismiss." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir.1998)). The Court will not consider these new facts raised for the first time in opposition but will grant plaintiff leave to amend to the extent it can allege additional facts supporting its claim.

### B. Open Book Account

Plaintiff brings a claim for open book account against defendant, alleging that within the last four years, "an account was stated in writing by and between" plaintiff and defendant where "it was agreed that said [d]efendant was indebted to [p]laintiff in the amount of $805,752.92." (ECF No. 1 ¶ 21.) Defendant argues that plaintiff's statements are conclusory and the complaint does not allege that the parties agreed to create an open book account, or that the transactions at issue were recorded in a book. (ECF No. 8-1 at 4.)

#### 1. Legal Standards

A book account is "a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation," and shows the debits and credits. Cal. Civ. Proc. Code § 337a; see Interstate Grp. Adm'rs, Inc. v. Cravens, Dargan & Co., 174 Cal. App. 3d 700, 708 (1985) (stating a book account is a detailed statement kept in a book arising out of a contract or a fiduciary relation, and the book must show against whom the charges are made); In re Roberts Farms, Inc., 980 F.2d 1248, 1252 (9th Cir. 1992). A book account is created "by the agreement or conduct of the parties in a commercial transaction." H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp., 99 Cal. App. 3d 711, 728 (1979). There is insufficient evidence to support finding an open book account if there is no evidence of an agreement to form a book account and if the parties' conduct does not show they intended to create an open book account. See Maggio, Inc. v. Neal, 196 Cal. App. 3d 745, 752 (1987).

#### 2. Analysis

Plaintiff has failed to state a claim for an open book account. Plaintiff has not sufficiently shown that there is a "detailed statement" arising out of a contract between the parties where there is record of transactions between the parties. Plaintiff only provides a conclusory statement that

"an account was stated in writing" within the last four years. (ECF No. 1 ¶ 21.) Plaintiff has not provided evidence to show that the parties agreed to form a book account or shown by the parties' conduct that they intended to create an open book account. See Maggio, 196 Cal. App. 3d at 752. Accordingly, plaintiff has failed to state a claim for open book account and defendant's motion to dismiss should be granted on this ground.

### C. Account Stated

Plaintiff brings a claim against defendant for account stated. (ECF No. 1 ¶¶23-25.) Plaintiff again alleges that within the last four years, "an account was stated in writing by and between" plaintiff and defendant where "it was agreed that said [d]efendant was indebted to [p]laintiff in the amount of $805,752.92." (Id. ¶ 24.) Plaintiff also alleges that defendant has not "effectively disputed its liability for the account stated." (Id.) Defendant argues that there is no allegation that defendant made any promise or agreement to pay the amount due. (ECF No. 8-1 at 5.) Defendant also states that in the complaint, plaintiff states that defendant objected to the amount allegedly owed and refused to pay. (Id.; see ECF No. 1 ¶ 16.)

#### 1. Legal Standards

The elements of an account stated claim are: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." Leighton v. Forster, 8 Cal. App. 5th 467, 491 (2017) (quoting Zinn v. Fred R. Bright Co., 271 Cal. App. 2d 597, 600 (1969)). A defendant's consent to an account may be implied where the defendant, after receiving the account, "waits for an unreasonable time before making or without making any objection" to it. Cal. Bean Growers Ass'n v. Williams, 82 Cal. App. 434, 442 (1927).

#### 2. Analysis

Plaintiff has failed to state a claim for account stated. As defendant notes, plaintiff has not sufficiently alleged that there was a promise by defendant to pay the amount due. As stated in plaintiff's complaint, it appears that defendant objected to certain payments. (ECF No. 1 ¶ 15.) Additionally, it is not clear that there was an agreement between the parties on the amount that is

due. In its opposition, plaintiff argues that the amounts defendant owed are based on the invoices pursuant to the Member Agreement, and that "there has been a statement of indebtedness as the amount owed is easily mathematically calculable." (ECF No. 18.) However, as stated above, the Court will not consider the Member Agreement for purposes of this motion to dismiss. Further, while plaintiff states that the amount owed is easily calculable, plaintiff has not provided an accounting or the specific invoices to show that this amount is correct or proper. Therefore, defendant's motion to dismiss will be granted.

### D. "Fair Valuation"

Plaintiff brings a claim for "fair valuation" against defendant. (ECF No. 1 ¶¶ 26-29.) Defendant argues that it is unclear whether this is a valid cause of action, but plaintiff's allegations indicate that it relates to a cause of action for unjust enrichment. (ECF No. 8-1 at 5.) Defendant also argues that there is not a standalone cause of action for unjust enrichment in California. (Id.) Plaintiff states in its complaint that defendant has been "unjustly enriched by the continuing use of capital" (ECF No. 1 ¶ 29), therefore the Court will construe this claim as a claim for unjust enrichment.

The Court notes that in its opposition, plaintiff has not responded to defendant's arguments in its motion to dismiss regarding plaintiff's "fair valuation" claim. (See ECF No. 18.) Plaintiff's non-opposition constitutes an abandonment of the claim. See Moore v. Apple, Inc., 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (collecting cases); El v. San Diego Unified Sch. Dist., 2021 WL 3240298, at *2 (S.D. Cal. June 29, 2021). Therefore, plaintiff's claim should be dismissed with prejudice. See Homsy v. Bank of Am., N.A., 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013). Even if plaintiff did oppose this portion of defendant's motion to dismiss, however, plaintiff's claim still fails on the merits as discussed below.

#### 1. Legal Standards

Both the Ninth Circuit and the California Supreme Court construe California law to permit a cause of action for unjust enrichment. Russell v. Walmart, Inc., 680 F. Supp. 3d 1130, 1132-33 (N.D. Cal. 2023) (citing ESG Cap. Partners, LP v. Stratos, 828 F.3d 1023, 1038-39 (9th Cir. 2016); Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C., 61 Cal. 4th 988, 1000, 190

8

Cal.Rptr.3d 599, 353 P.3d 319 (2015).

"To allege unjust enrichment as an independent cause of action, a plaintiff must show that a defendant received and unjustly retained a benefit at the plaintiff's expense." ESG, 828 F.3d at 1038. A person is not permitted to profit by his or her own wrong. Richards v. Centripetal Networks, Inc., 709 F. Supp. 3d 914, 925 (N.D. Cal. 2024).

### 2. Analysis

To the extent plaintiff is attempting to bring a claim for unjust enrichment, it has failed to state a claim. Plaintiff has not sufficiently alleged that defendant received or unjustly retained a benefit at plaintiff's expense. Plaintiff's conclusory allegations that defendant was "unjustly enriched by the continuing use of capital" plaintiff provided does not sufficiently allege facts showing that plaintiff provided defendant capital. Accordingly, defendant's motion to dismiss is granted on this ground.

### V.   Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  See Davis v. Miranda, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, see Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06 (9th Cir. 1995); Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Here, plaintiff has failed to state a claim against defendant. However, plaintiff is granted leave to amend its breach of contract, open book account, and account stated claims to the extent it can allege additional supportive facts. Plaintiff's fourth claim for "fair valuation" which the Court interprets as a claim for unjust enrichment is dismissed without leave to amend for the reasons stated above. In addition, plaintiff is informed that the Court cannot refer to a prior

pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of defendant must be sufficiently alleged.

## VI.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant Alacrity Solutions Group, LLC's motion to dismiss (ECF No. 8) is GRANTED;
2. Plaintiff may file an amended complaint within thirty (30) days of the issuance of this order as set forth above; and
3. Failure to timely file an amended complaint may result in sanctions including dismissal of this action.

Dated:  June 27, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, pinn.0774.25