UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE BANK,<br><br>                    Plaintiff,<br><br>        v.<br><br>ALACRITY SOLUTIONS GROUP, LLC,<br><br>                    Defendant. | No.  2:25-cv-00774-CKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(ECF Nos. 23, 25) |

This matter is before the Court on defendant Alacrity Solutions Group's motion to dismiss plaintiff Pinnacle Bank's first amended complaint ("FAC") for failure to state a claim and improper venue. (ECF Nos. 23, 25.) The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. (ECF Nos. 7, 14, 15.) On September 17, 2025, the Court held a hearing via Zoom. Attorney Alexandra Rhim attended for plaintiff and attorneys Christian Wick and Christian Picone attended for defendant. For the reasons set forth below, the Court will grant defendant's motion to dismiss without leave to amend.

**I.   Procedural Background**

Plaintiff initiated this action by filing a complaint on March 7, 2025. (ECF No. 1.) On April 2, 2025, the Court granted defendant's motion for an extension of time to file an answer.

(See ECF Nos. 5, 6.) Defendant filed a motion to dismiss the complaint on May 2, 2025. (ECF No. 8; see ECF Nos. 18, 19.) On June 27, 2025, the Court granted defendant's motion to dismiss with leave to amend. (ECF No. 21.) On July 28, 2025, plaintiff filed a FAC. On August 11, 2025, defendant filed a motion to dismiss, which is fully briefed. (ECF Nos. 23, 26, 28; see ECF No. 25.) The Court held a hearing on defendant's motion to dismiss on September 17, 2025. (ECF No. 30.) The Court ordered supplemental briefing from both parties, ordering plaintiff to address defendant's breach of contract claim and why plaintiff would be entitled to money from defendant based on work third-party Zebra Cleaning Services, Inc. ("Zebra") completed, and ordering defendant to explain the business model between defendant and Zebra. (ECF No. 31.) Both parties submitted supplemental briefs. (ECF Nos. 32, 33.)

## II.     Allegations in the First Amended Complaint

Plaintiff and third-party Zebra entered into a Loan and Security Agreement ("Loan Agreement"), under which plaintiff made revolving loans to Zebra pursuant to the Loan Agreement. (ECF No. 22 ¶¶ 9, 10.) Plaintiff alleges it made these revolving loans on or about February 8, 2023. (Id.) Zebra granted plaintiff a security interest in "substantially all of its assets" (collateral) to secure obligations due under the Loan Agreement. (Id. ¶ 11.) This collateral includes accounts receivable. (Id.) Plaintiff alleges it perfected its security interest by filing a UCC-1 financing statement with the California Secretary of State. (Id.; see id. at 49.)

Plaintiff alleges that defendant owes plaintiff unpaid amounts that are due to "accounts receivable belonging to" Zebra. (Id. ¶ 12.) These accounts are "evidenced by, among other things, invoices issued throughout 2024 (and possibly 2023) by [Zebra] for services and/or product provided to [d]efendant." (Id.) Plaintiff attached the alleged unpaid invoices to the FAC. (See ECF No. 22 at 55-1492.) The invoices set forth "the parties for whom [Zebra] performed service, the services to be performed, the contract price for work performed, and payment terms." (Id. ¶ 13.) The alleged unpaid invoices equal no less than $478,061.88. (Id.)

Under the Loan Agreement, Zebra assigned the accounts to plaintiff and authorized plaintiff to collect them and notify defendant to remit payments directly to plaintiff. (Id. ¶ 15.) On July 31, 2024, plaintiff notified defendant that the accounts were assigned to plaintiff pursuant to

California Commercial Code section 9607(a)(1), and instructed defendant to make payments to plaintiff directly. (Id.) Plaintiff alleges that pursuant the Loan Agreement documents and section 9607, it is entitled to enforce and recover the obligations defendant owes Zebra under the invoices. (Id. ¶16.) Plaintiff alleges that defendant owes $805,752.92 plus additional recoverable amounts. (Id.) Plaintiff issued a demand letter to defendant for payment, and defendant has not complied. (Id. ¶ 17.) Plaintiff states that defendant claims it has rights to setoff or credit against the amount owed. (Id.)

Plaintiff alleges that Zebra entered into an agreement with defendant, titled the Alacrity Network Membership Agreement ("Member Agreement"). (Id. ¶ 18.) Under this agreement, Zebra performed remediation and contractor services to members of defendant's network. (Id.) The Member Agreement specifies terms relating to payment to Zebra for its services. (Id.) A copy of this agreement is attached to the FAC. (Id. at1494-1521.) Plaintiff alleges that "[a]t issue are the unpaid amounts owed under the Invoices by Defendant under the Member Agreement, which amounts were assigned to [plaintiff]." (Id. ¶ 19.) Plaintiff alleges that Zebra "would issue Invoices for work performed and Defendant was obligated to pay for such work pursuant to the Member Agreement." (Id. (emphasis omitted).)

Plaintiff brings the following claims against defendant: "breach of written agreements (invoices and Member Agreement) enforceable by secured creditor"; "open book account"; and "account stated."[1] (Id. at 5-6.)

### III. Legal Standards

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

---

[1] Plaintiff states that certain of the claims are brought against "all defendants" and/or "Does 1-20." (See ECF No. 22 at 5-6.) However, plaintiff only names one defendant in the complaint.

3

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## IV. Discussion

### A. Open Book Account and Account Stated Claims

Plaintiff brings claims against defendant for "open book account" and "account stated." (ECF No. 22 at 6.) Defendant moves to dismiss both claims. (ECF No. 23 at 4-6.) In opposition, plaintiff states that it is "agreeable to further amending the FAC to dismiss the second and third claims as requested" in defendant's motion. (ECF No. 26 at 3.) Because plaintiff agrees to dismiss these claims and offers no other argument in support, the Court GRANTS defendant's motion to dismiss plaintiff's open book account and account stated claims.

### B. Breach of Contract Claim

Plaintiff brings a breach of contract claim against defendant. (ECF No. 22 at 5.) In opposition to defendant's motion to dismiss the FAC, plaintiff states that the "first claim for breach of contract will remain intact." (ECF No. 26 at 2.) As defendant notes, plaintiff did not appear to oppose defendant's motion to dismiss the breach of contract claim. (ECF No. 28 at 7.) While defendant's motion is slightly unclear about whether defendant intends to dismiss the breach of contract claim, the conclusion states "[p]laintiff sets forth little more than conclusory allegations which fail to state a cognizable claim upon which relief can be granted in relation to its breach of contract cause of action." (ECF No. 23-1 at 8.) At the hearing, defendant made clear that it intended to move to dismiss plaintiff's breach of contract claim. Also at the hearing, plaintiff requested leave to file supplemental briefing to oppose defendant's motion to dismiss the

1  breach of contract claim. The Court granted plaintiff's request. Accordingly, the Court addresses
2  whether plaintiff's breach of contract claim should be dismissed.
3        In plaintiff's supplemental brief, plaintiff argues that it has adequately pled breach of
4  contract. (ECF No. 32 at 4.) Plaintiff states it alleges the existence of the contract based on the
5  Member Agreement and invoices. (Id.) Plaintiff argues that the Loan Agreement grants plaintiff a
6  security interest in Zebra's accounts, which includes the right to payments from defendant. (Id.)
7  Plaintiff alleges it performed its obligations by making the loan to Zebra, defendant failed to
8  make payments in breach of the Member Agreement, and plaintiff was damaged based on the
9  unpaid amounts. (Id. at 5.) Plaintiff also argues Zebra performed the work as evidenced by the
10 invoices. (Id.) Plaintiff states that defense counsel acknowledged that amounts were owed but
11 disputed the amount. (Id.)
12       In response, defendant argues that plaintiff fails to state a claim for breach of contract.
13 (ECF No. 33 at 3-4.) As an initial matter, defendant does not argue that plaintiff cannot enforce
14 the agreements on behalf of Zebra. (See id. at 5.) Therefore, the Court will assume that plaintiff
15 can properly enforce the alleged contracts between Zebra and defendant on behalf of Zebra, and
16 will not address this issue. Defendant argues that a review of the Member Agreement and PAS
17 Addendum established that Zebra did not enter into a contract with defendant for construction
18 services, but that Zebra contracted with the individual policyholders and payment for Zebra's
19 services was the responsibility of Zebra's clients or the insurance carriers. (Id.) Defense counsel
20 also states that he did not acknowledge that amounts were owed to plaintiff at the hearing. (Id. at
21 6.)

22       **1. Legal Standards**

23       Under California law, "the elements of a cause of action for breach of contract are (1) the
24 existence of the contract, (2) plaintiff's performance or excuse for nonperformance,
25 (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v.
26 Goldman, 51 Cal. 4th 811, 821 (2011). The essential elements for a contract are: (1) parties
27 capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or
28 consideration. U.S. ex rel. Oliver v. Parsons Co., 195 F.3d 457, 462 (9th Cir. 1999) (citing Cal.

1 Civ. Code § 1550). Existence of a contract "may be pleaded either by its terms-set out verbatim in
2 the complaint or a copy of the contract attached to the complaint and incorporated therein by
3 reference-or by its legal effect. In order to plead a contract by its legal effect, plaintiff must allege
4 the substance of its relevant terms." Frontier Contracting, Inc. v. Allen Eng'g Contractor, Inc.,
5 2012 WL 1601659, at *4 (E.D. Cal. May 7, 2012) (quoting McKell v. Washington Mut., Inc., 142
6 Cal. App. 4th 1457, 1489 (2006)).

**2. Analysis**

Plaintiff has failed to state a breach of contract claim against defendant. In the FAC, plaintiff alleges that there is a contract between the parties via the invoices attached to the complaint and the Member Agreement. (ECF No. 22 at ¶ 23.) Plaintiff also alleges that it is entitled to receive payment from defendant on behalf of Zebra based on these contracts pursuant to the Loan Agreement between plaintiff and Zebra. (See id. at ¶¶ 15, 16.) In defendant's supplemental brief, it does not argue that plaintiff does not step into the shoes of Zebra for purposes of the contracts. (See ECF No. 33 at 5.) However, defendant argues that Zebra is unable to obtain payment from defendant, and therefore plaintiff is also unable to obtain payment from defendant. (See id.)

First, the Court addresses whether plaintiff has pled that a contract exists between the parties. Plaintiff alleges that Zebra entered into a Member Agreement with defendant where Zebra "performed remediation and contractor services to members of [d]efendant's network." (ECF No. 22 at ¶ 18.) The Member Agreement "specifies terms relating to payment to [Zebra] for its services." (Id.) Plaintiff alleges that under the Member Agreement, Zebra would issue invoices for work performed "and [d]efendant was obligated to pay for such work pursuant to the Member Agreement." (Id. ¶ 19.) Plaintiff further alleges that the invoices "constitute valid and binding agreements that inure to [p]laintiff and are enforceable by [p]laintiff." (Id. ¶ 23.)

Plaintiff has attached the Member Agreement and invoices to the FAC. (ECF No. 22 at 55-1521.) Plaintiff has sufficiently alleged that a contract exists between the Zebra and defendant, and because plaintiff steps into the shoes of Zebra, a contract exists between the parties in the form of the Member Agreement. The Member Agreement is between Zebra and the defendant

6

1   and was signed by Zebra's president. (Id. at 1494, 1506.) Defendant does not contest that the
2   Member Agreement is between Zebra and defendant.
3         However, plaintiff has not sufficiently pled that the invoices alone form a basis for a
4   contract between plaintiff or Zebra and defendant. Plaintiff states in the FAC that the invoices
5   "constitute valid and binding agreements that inure to Plaintiff and are enforceable by Plaintiff."
6   (ECF No. 22 at ¶ 23.) However, the invoices attached to the FAC are between Zebra and third
7   parties. Defendant is not named as a party in any of the documents. Further, plaintiff has not
8   sufficiently pled that defendant is responsible for payment of these invoices based on the Member
9   Agreement. Plaintiff points to no provision in the Member Agreement showing defendant is
10  responsible for paying Zebra, and therefore plaintiff.
11        While plaintiff has alleged that the Member Agreement forms a contract, plaintiff has not
12  sufficiently pled that defendant breached the contract. Plaintiff has not alleged in the FAC that
13  defendant violated a specific provision of the Member Agreement by not paying the invoices. See
14  Gibralter, LLC v. DMS Flowers, LLC, 2025 WL 1927525, at *6 (E.D. Cal. July 14, 2025).
15  Plaintiff states in a conclusory manner that defendant is obligated to pay for work performed
16  pursuant to the Member Agreement. (ECF No. 22 at ¶ 19.) But plaintiff does not describe which
17  provision of the Member Agreement obligates defendant to pay Zebra directly. Plaintiff also
18  alleges that defendant was required to pay Zebra via the invoices issued, however, none of the
19  invoices attached are between Zebra and defendant. All invoices are between Zebra and third
20  parties. Plaintiff has not sufficiently pled which provision of the Member Agreement entitles
21  Zebra to collect from defendant via the invoices.
22        A review of the Member Agreement reveals that defendant is a platform that connects
23  contractors like Zebra with third parties for work. (See Member Agreement at 1 (ECF No. 22 at
24  1494-1521).) Further, the Member Agreement appears to state that payment is done directly
25  between the third parties and contractor. (Member Agreement ¶ 18.A ("Contractor [Zebra]
26  understands and agrees that Work Orders do not originate from Network Administrator
27  [defendant] and that Network Administrator is in no way responsible to Contractor for payment
28  for any amounts due for work performed pursuant to a Work Order. Contractor understands and

1 agrees that the end-customer, typically a Policyholder but sometimes a Client, is the sole party
2 obligated to make payment to Contractor for work performed pursuant to a Work Order.")
3 Plaintiff has not identified where in the Member Agreement it states that defendant is responsible
4 to pay the contractor directly. Further, plaintiff does not cite to the Member Agreement showing
5 that the invoices are between Zebra and defendant, when the invoices have third parties named.
6 Accordingly, plaintiff has failed to state a claim for breach of contract against defendant,

### C. Forum Selection Clause

In the Court's June 27, 2025, order granting defendants motion to dismiss the complaint with leave to amend, the Court noted that the Member Agreement, which was attached to plaintiff's opposition, contained a forum selection clause and choice of law provision titled "Govern Law and Dispute Resolution." (ECF No. 21 at 5 n.2.) The Court noted that this provision stated that the Member Agreement is governed by the laws of the State of Oregon and a lawsuit would be brought in the State of Oregon, the City of Eugene, or in the United States District Court for the District of Oregon. (Id.)

The parties' briefing addressed the forum selection clause provision, but at the hearing both parties agreed that the Rule 12(b)(6) issues should be resolved before determining the validity of the forum selection clause. Because the Court finds that plaintiff has failed to state a breach of contract claim against defendant, the Court declines to address whether the Member Agreement contains a valid forum selection clause.

### D. Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. See Davis v. Miranda, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, see Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06 (9th Cir. 1995); Cal. Architectural Bldg. Prod.

v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Here, the Court already granted plaintiff leave to amend its complaint. Even upon amendment, plaintiff was unable to cure the defects in the original complaint. Accordingly, the Court finds that further amendment would be futile. The Court grants defendant's motion to dismiss, and plaintiff's complaint is dismissed without leave to amend.

**V.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant Alacrity Solutions Group, LLC's motion to dismiss (ECF Nos. 23, 25) is GRANTED;

   a. Plaintiff's breach of contract open book account, and account stated claims are dismissed without leave to amend; and

2. The Clerk of the Court is directed to close this case.

Dated: November 18, 2025

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, pinn.0774.25